IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES MICHAEL KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-267-E |
| | ) |
| ANDREW M. SAUL | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 28th day of September, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14), filed in the above-captioned matter on May 7, 2020,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 12), filed in the above-captioned matter on April 8, 2020,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

On August 9, 2016, Charles Michael Kennedy protectively filed a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and a claim

for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that he became disabled on September 1, 2015, due to traumatic brain injury, neck pain, balance and equilibrium problems, loss of bladder control, inability to walk up stairs, inability to lift over 50 pounds, limited range of motion in neck, tinnitus, numbness of fingers on right side, ADD, and Tourette's Syndrome. (R. 69, 83).

After being denied initially, Plaintiff sought and obtained a hearing before an Administrative Law Judge ("ALJ") on July 23, 2018. (R. 27-67). In a decision dated November 13, 2018, the ALJ denied Plaintiff's request for benefits. (R. 12-22). The Appeals Council declined to review the ALJ's decision on July 16, 2019. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

**II.     Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.

1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not

severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

**III.     The ALJ's Decision**

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, September 1, 2015. (R. 14). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, particularly, residual effects of a traumatic brain injury, headaches, tinnitus, degenerative disc disease of the cervical spine with radiculopathy, lumbago, history of meniscus tear in the right knee, history of horseshoe kidney, obesity, bipolar disorder, depressive disorder, ADHD, and opioid dependence in remission. (R. 15). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 15).

The ALJ next found that Plaintiff retained the RFC to perform sedentary work, except that he can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can never reach overhead with the right upper extremity; can frequently handle, finger, and feel with the right upper extremity; is right hand dominant; can occasionally push or pull with the right lower extremity; must avoid all exposure to hazards such as heights and moving machinery; must have access to a restroom; is able to perform simple, routine, and repetitive tasks; requires low stress work defined as occasional simple decision-making and occasional changes in the work setting; cannot perform work in a fast-paced production environment; can have occasional interaction with co-workers and supervisors; and no interaction with the public. (R. 17).

At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, and he moved on to Step Five. (R. 20). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of additional jobs exist in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work

experience, and RFC, Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as addresser, cutter/paster and document preparer. (R. 21). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21-22).

## IV.     Legal Analysis

Plaintiff argues that the ALJ erred in failing to explain adequately his finding that Plaintiff could perform a range of sedentary work with a large number of specific additional limitations in formulating his RFC. Plaintiff contends that the ALJ's error frustrates any meaningful review of the RFC and warrants remand. While the Court does not necessarily find that the ALJ erred in his evaluation of Plaintiff's RFC, it does agree that the ALJ inadequately explained how he actually determined that RFC and that such error frustrates the review process. Because the evidence upon which the ALJ based his RFC is not apparent, the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court concludes that remand is necessary so that the ALJ can further consider, and more clearly discuss, this issue.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for

the decision.'"  Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

In this case, while the ALJ discussed, generally, some of the evidence of record—including medical opinion evidence—in his explanation of the RFC, he somewhat cursorily stated how he determined that Plaintiff could perform sedentary work, explaining, "Based on [Plaintiff's] complaints at the hearing of poor balance, and use of a cane, [his] residual functional capacity was reduced to the sedentary exertional level."  (R. 19).  However, the ALJ notably failed to explain how he made his various findings regarding Plaintiff's additional limitations.  As discussed, supra, substantial evidence must support the ALJ's findings as to the claimant's RFC, and the ALJ must provide an adequate explanation as to how he formulated that RFC.  Here, it is simply impossible to determine, upon review of the ALJ's discussion of the evidence of record, how that evidence translated into the specific RFC findings that he made.

In fact, it is not evident whether the additional limitations that the ALJ found were restrictive enough, or whether they were all actually necessary in the first place.  (R. 18-20).  Given the lack of clear discussion connecting the dots between specific evidence of record and the ALJ's particular findings, the additional limitations appear to be somewhat arbitrary.  While the Court could certainly examine the evidence of record and determine whether it would lead to the same conclusions to which the ALJ came, that is not the Court's proper role here.  See Fargnoli, 247 F.3d at 44 n.7 ("'The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.'") (quoting SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)).  It is the ALJ who must provide a rationale for his decision.

Of course, the ALJ is not required to discuss every piece of evidence in the record, see Fargnoli, 247 F.3d at 42, but in this particular case, the ALJ clearly failed to tie the evidence of record directly to his specific findings. Because the ALJ failed to explain his conclusions, it is unclear whether he considered all the relevant evidence, and it is not apparent whether he based his RFC on substantial evidence. Although the Court recognizes that an ALJ's decision need not comprehensively account for each finding with meticulous specificity, here the Court is being asked to assume that evidence of record leads to the specific conclusions that the ALJ reaches as to Plaintiff's RFC without those connections ever having been made clear. Because the Court cannot make such an assumption under the circumstances of this case, it will remand the matter so that the ALJ can more clearly explain how he reached his conclusions. In the course of doing so, the ALJ should ensure that he has adequately considered and weighed all the evidence in the case, and he should verify that his conclusions at all steps of the sequential evaluation process are adequately explained, in order to eliminate the need for any future remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

**V.      Conclusion**

In short, because the ALJ did not adequately explain how he determined the RFC in this case, the record does not permit the Court to determine whether the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch<br>United States District Judge

ecf:          Counsel of record